GEORGE W. ROBBINS & wife *vs.* JOHN SAWYER & another.

To an action of tort, brought by husband and wife, for breaking and entering their close, and injuring the wife, the defendant pleaded soil and freehold in himself, and a receipt in full of all demands; on the trial, the judge instructed the jury that the plaintiffs jointly could not maintain this action as an action of trespass *quare clausum fregit,* but might recover for any personal injury to the wife; and the issue under this ruling was the only one submitted to the jury, who returned a verdict for the plaintiffs, for twenty dollars damage. *Held,* that the title to real estate was not brought in question, and that the plaintiffs were therefore entitled for their costs, under Rev. Sts. c. 121, § 3, to no more than one quarter part of said damage.

ACTION OF TORT for breaking and entering a house occupied by the plaintiffs, and compelling them to leave it, thereby depriving them of the benefit of their lease of the house, and injuring their furniture, and greatly distressing the female plaintiff,

she being then very sick.  Answer, **1.** Soil and freehold in Sawyer, and a lease from him to the other defendant, and a previous termination of the plaintiffs' lease by agreement with them; **2.** A receipt in full of all demands.  Trial at July term 1853 of the court of common pleas, held by *Mellen,* J.  Verdict for the plaintiff in the sum of twenty dollars, and judgment thereon.  The clerk taxed the costs at five dollars, and the plaintiffs appealed to the court.

The presiding judge, upon the hearing of the appeal, ordered the following statement of facts, signed by himself, to be filed and made part of the record: " In the course of the trial, the defendants objected that this joint action in the name of husband and wife could not be maintained, because it did not appear that the wife had any interest in the premises.  The court ruled that this joint action could not be maintained as an action of trespass *quare clausum,* but that the plaintiffs might recover in this action for the actual and personal injuries, whether temporary or permanent, sustained by the wife, occasioned by the joint acts of the defendants.  The issue raised by this ruling of the court was the issue, and the only issue, submitted to the jury."  And the judge ordered judgment to be entered for the plaintiff for twenty dollars damage and five dollars costs of suit.  To this order the plaintiffs alleged exceptions.  The full costs of the plaintiffs amounted to $33.95.

*B. Dean,* for the plaintiffs.  The title to the real estate and the amount of damages were the only things in issue upon the pleadings.  The judge's ruling as to the items of damage cannot affect the question of costs.  The certificate of the judge, if admissible in evidence, shows that the plaintiffs were required to prove trespasses upon the *locus in quo,* as well as personal injuries to the wife.  The plaintiffs are therefore entitled to full costs.  Rev. Sts. *c.* 121, § 3 ; *c.* 85, § 1.  *Plympton* v. *Baker,* 10 Pick. 473.  *Ryder* v. *Hathaway,* 2 Met. 96.  *Sawyer* v. *Ryan,* 13 Met. 144.

*G. H. Preston,* for the defendants.

SHAW, C. J.  This being an action of tort for injury done to real estate, and some damages having been recovered, had

nothing else appeared, this would have warranted a taxation of full costs. But in the progress of the trial, the judge held, that, on the case proved by the plaintiffs, trespass *quare clausum fregit* would not lie. On this, the defendants would have been en-titled to claim a verdict and judgment. It was not competent for the plaintiffs, on this count, to go for personal injury to the wife only, as the substantive cause of action. *Eames* v. *Prentice*, 8 Cush. 337. But the court had authority to permit an amendment, by striking out the averment of a breach of the plaintiffs' close, and allowing the plaintiffs to go for the personal injury to the wife. *St.* 1852, *c.* 312, §§ 32, 33. If the plaintiffs elected to go on, under this permission, without actually amend-ing, they can stand on no better footing than if they had actu-ally amended and converted the case into an action for personal injury ; and it not appearing that, in that form, any question of title to real estate did in fact come in question, the plaintiffs could recover no more than one quarter costs.

It is competent for the judge to insert a statement in the record, which is necessary to the decision of any question which may afterwards arise, on appeal, or in any other stage of the cause. *Holmes* v. *Leland*, 1 Gray, 625. This becomes of great importance since the new practice act, under which the plead-ings are too brief to present many questions actually raised and decided. *Exceptions overruled.*